UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| JACQUELYN HOPKINS, | : | |
| | : | Civil Action No. 15-7454 (MCA) (MAH) |
| Plaintiff, | : | |
| v. | : | |
| | : | |
| KUEHNE & NAGEL, et al., | : | ORDER |
| | : | |
| Defendants. | : | |

**THIS MATTER** having come before the Court by way of the parties' December 18, 2017 discovery dispute letter [D.E. 41];

and it appearing that Plaintiff seeks: (1) the production of documents from an earlier lawsuit against Defendant, captioned <u>Anangono v. Kuehne & Nagel</u>, Civ. No. 13-2334 (DMC); and (2) the production of the settlement agreement in the <u>Anangono</u> matter;

and it further appearing that Defendant objects to both of Plaintiff's production requests;

and the Court having considered the parties' arguments;

and the Court finding that Plaintiff has not established the relevance of the timesheets of Olimpo Anangono to this matter;[1]

---

[1] Plaintiff contends that Olimpo Anangono's timesheets are relevant to establishing whether Defendant willfully failed to pay overtime because Anangono was a Kuehne & Nagel ("K+N") employee at the same time as Plaintiff. Joint Letter, Dec. 18, 2017, D.E. 41, at 1-2. According to Plaintiff, Anangono's records may demonstrate K+N's awareness of employees working overtime without compensation, and that K+N willfully failed to maintain timesheets. <u>Id.</u>

Defendant argues that Anangono's records have little probative value under <u>Souryavong v. Lackawanna County</u>, 872 F.3d 122 (3d Cir. 2017), because those records would not demonstrate that Defendant was aware of an overtime issue specific to Plaintiff. Defendant avers that there were critical differences in Plaintiff's and Olimpo Anangono's employment, such as: (1) they worked in different departments; (2) Anangono's completed handwritten

and the Court finding that Plaintiff has failed to establish good cause for the production

of the settlement agreement in Anangono;[2]

---

timesheets span from June 2012 until he left Defendant's employment in January 2013, while Plaintiff's timesheets before January 2013 are from May 2012 and June 2012, which is beyond even the three-year statute of limitations; and 3) Anangono's employment with the company ended approximately 21 months before Plaintiff resigned from K+N. Joint Letter, Dec. 18, 2017, D.E. 41, at 2.

Souryavong instructs that Plaintiff can establish willfulness under FLSA only if she can show that K+N was aware of an overtime payment issue specifically as to Hopkins when the overtime violations allegedly occurred. Souryavong, 872 F.3d at 126. In Souryavong, the Third Circuit determined that the district court correctly found that Lackawanna County had not acted willfully. The court concluded that although the County's human resources director sent an email suggesting that Defendant had failed to pay overtime to certain employees, the email did not mention specifically the plaintiffs. Id. Accordingly, the Third Circuit agreed that the email was insufficient to demonstrate the County's awareness of an overtime issue as to plaintiffs. Id.

In view of Souryavong, the Court concludes that Plaintiff has failed to establish the relevance of Anangano's time sheets to her assertion that K+N willfully failed to pay her overtime. Even if Plaintiff could demonstrate through Anangano's time sheets that K+N knew Anangano was entitled to overtime pay and disregarded that fact, Plaintiff has failed to show how this would be relevant to her claim. Defendant asserts, without refutation by Plaintiff, that Anangono and Plaintiff worked in different departments and under the supervision of different managers. Moreover, the dates that Anangono and Plaintiff completed handwritten timesheets do not align.

It is unclear whether Plaintiff also contends that Anangono's time records are somehow relevant to Defendant's alleged failure to maintain time records for Plaintiff. FLSA requires an employer to maintain payroll records. 29 U.S.C. § 211; see also Rong Chen v. Century Buffet & Restaurant, Civ. No. 09-1687, 2012 WL 113539, *6 (D.N.J. Jan. 12, 2012). Although failure to keep such records does not automatically result in liability, "[a]n employer's failure to comply with these record-keeping provisions has important ramifications for an employee's burden of proof in an FLSA action." Rong Chen, 2012 WL 113539, *6. In any event, the absence of timekeeping records for Plaintiff stands on its own, and there does not appear to be any dispute about the timeframe for which Defendant did not maintain Anangono's time records.

[2] Plaintiff asserts that she seeks the settlement agreement because "it potentially speaks to the issue of unpaid overtime by K+N and its resolution of same." Joint Letter, Dec. 18, 2017, D.E. 41, at 2. But this argument falls well short of the particularized showing required of a party who seeks production of a settlement agreement in another matter. This Court has "recognized the inherent tension between Fed. R. Evid. 408, which prohibits the use of settlement discussions to prove liability, and Rule 26, which permits liberal discovery." Ford Motor Co. v. Edgewood Props., Inc., 257 F.R.D. 418, 423 (D.N.J. 2009) (citing Lesal Interiors, 153 F.R.D. 552 (D.N.J.

**IT IS on this 22st day of December 2017,**

**ORDERED THAT:**

1. Plaintiff's request that the Court compel Defendant to produce Olimpo Anangono's time sheets is denied.

2. Plaintiff's request that the Court compel Defendant to produce the settlement agreement in <u>Anangono v. Kuehne & Nagel</u>, Civ. No. 13-2334 (DMC), is denied.

<u>s/ Michael A. Hammer</u>
**Hon. Michael A. Hammer**
**United States Magistrate Judge**

---

1994)). The Third Circuit has yet to resolve this tension. <u>See</u> <u>Ford Motor</u>, 257 F.R.D. at 424. This Court, however, has attempted to reconcile "the two competing rationales behind the rules by requiring the moving party to make a 'particularized showing that the evidence sought is relevant and calculated to lead to the discovery of admissible evidence.'" <u>Id.</u> at 423 (quoting <u>Lesal Interiors</u>, 153 F.R.D. at 562). The effect of this "is to switch the burden of proof from the party in opposition to the discovery to the party seeking the information." <u>Lesal Interiors</u>, 153 F.R.D. at 562 (quoting <u>Fid. Fed. Sav. & Loan Ass'n v. Felicetti</u>, 148 F.R.D. 532, 534 (E.D. Pa. 1993)) (internal quotation marks omitted). Once the Court is satisfied that the movant has met the particularized showing requirement, the Court must balance the movant's "asserted interest and need of the documents" against "the effects that may flow from their discovery." <u>Lesal Interiors</u>, 153 F.R.D. at 562.

In this case, Plaintiff's generalized assertion that the settlement agreement *might* be probative of how K+N resolved prior allegations of overtime falls well short of the mark. Plaintiff fails to articulate the purpose of discovering the settlement agreement, the probative value of the settlement agreement, or even how discovery of the settlement agreement would lead to the discovery of admissible evidence. Accordingly, the Court will deny Plaintiff's request for the settlement agreement in <u>Anangono</u>.